**CT Corporation**

**Service of Process Transmittal**
12/05/2016
CT Log Number 530287464

**TO:** Allison N. Hoffman
Hayward Baker Inc.
7550 Teague Rd Ste 300
Hanover, MD 21076-1807

**RE:** Process Served in West Virginia

**FOR:** Hayward Baker Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | R. ROBERT GOUGHNOUR, Pltf./Petitioner vs. HAYWARD BAKER ,INC, etc., Dft./Respondent |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Attachment(s) |
| **COURT/AGENCY:** | Brooke County Circuit Court, WV<br>Case # 16C131 |
| **NATURE OF ACTION:** | Plaintiff seeking compensatory and punitive damages against defendant |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Charleston, WV |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 12/05/2016 postmarked on 12/02/2016 |
| **JURISDICTION SERVED :** | West Virginia |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service of this summons upon you, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | David F. Cross<br>Attorney at Law<br>727 Charles Street<br>Wellsburg, WV 26070<br>(304) 7374185 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/05/2016, Expected Purge Date: 12/10/2016<br><br>Image SOP<br><br>Email Notification,  David Peitsch  DTPEITSCH@KELLERFOUNDATIONS.COM<br><br>Email Notification,  Allison N. Hoffman  anhoffman@kellerfoundations.com |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>5400 D Big Tyler Road<br>Charleston, WV 25313<br>919-821-7139 |

Page 1 of  1 / MJ

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.





**FROM**
**CLERK OF THE CIRCUIT COURT**
BROOKE COUNTY, P.O. BOX 474
WELLSBURG, WV 26070

Hayward Baker, Inc.
Attn: CT Corporation System
5400 D Big Tyler road
Charleston, WV 25313



7015 0640 0000 9689 9420

CERTIFIED MAIL

## SUMMONS
### CIRCUIT COURT OF BROOKE COUNTY, WEST VIRGINIA

**R. ROBERT GOUGHNOUR**
   **PLAINTIFF,**
**VS.**       **CIVIL ACTION NO. 16-C-131**
         **JUDGE: JAMES P. MAZZONE**
**HAYWARD BAKER, INC.**
   **DEFENDANT.**

**To the above named Defendant:**

  IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby Summoned and required to serve upon DAVID F. CROSS, plaintiff's attorney, whose address is 727 CHARLES STREET, WELLSBURG, WV, 26070 an answer including any related counterclaim you may have to the complaint filed against you in the above civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above style civil action.

                **GLENDA BROOKS**
                **CLERK OF COURT**
Dated: December 02, 2016
           BY: _____
                **DEPUTY CLERK**

*Please Serve:*
*HAYWARD BAKER, INC.*
*ATTN: CT CORPORATION SYSTEM*
*5400 D BIG TYLER ROAD*
*CHARLESTON, WV 25313*

d:\corel\boiler\civsum.wpd

## IN THE CIRCUIT COURT OF BROOKE COUNTY, WEST VIRGINIA

R Robert Goughnour, an individual,
    Plaintiff/Petitioner,

v.                                         Case Number 16-C-

HAYWARD BAKER, INC.,
a corporation,
    Defendant/Respondent.

### COMPLAINT

NOW COMES the Plaintiff/Petitioner, R Robert Goughnour, an individual, and hereby files this Complaint and for his Complaint does state as follows:

### GENERAL ALLEGATIONS

1. The Plaintiff/Petitioner, R Robert Goughnour, is a resident and citizen of Brooke County, West Virginia, and more particularly resides at 110 Sunrise Lane, Wellsburg, West Virginia, 26070.
2. The Defendant/Respondent, Hayward Baker, Inc., is a foreign Corporation with its principal offices located at 7550 Teague Road, Suite 300, Hanover, MD, 21076.
3. The Defendant/Respondent, Hayward Baker, Inc., is conducting and carrying on business in the State of West Virginia involving construction and specialty trade contractors.
4. Nilex Construction, LLC, is a foreign corporation which had while it existed had its principal offices located in the State of Colorado with its office and place of business being located at 1517 East Freemont Drive, Centennial Colorado, 80112.
5. Nilex Construction, LLC, was dissolved on December 31st, 2013, and is no longer in existence.
6. The Plaintiff/Petitioner entered into a contract with Nilex Construction, LLC, dated the 17th day of February, 2004, said contract being titled "Assignment", a copy of

1

which is attached hereto.

7. The contract between the Plaintiff/Petitioner and Nilex Construction, LLC, involved Nilex Construction, LLC, making payments to the Plaintiff/Petitioner in consideration of the assignment of certain rights with regard to patents held by the Plaintiff/Petitioner and also included a provision that in addition to the payments that the Plaintiff/Petitioner would receive an additional payment of .10 cents per foot for all earthquake drains installed by Nilex Construction, LLC, or its licensees or subcontractors in accordance with the teachings of U.S. Patent No. 5,800,090 or U.S. Patent Application No. 10/352,583, until such time that the longest lived U.S. patent expires.

8. The contract referenced in numbered paragraph 7 above contained a particular provision set forth on page 5 of said agreement which provides as follows:

> "In consideration for this Assignment, Assignee agrees to pay to Assignor a lump sum fee of $150,000.00, one third thereof payable at the time of signing this Assignment and the remaining two payments being due at the second and third anniversary dates of this Assignment, and as further consideration Assignee agrees to pay to Assignor an additional payment of $.10 per foot for all earthquake drains installed by Assignee or its licensees or subcontractors in accordance with the teachings of U.S. Patent No. 5,800,090 or U.S. Patent Application No. 10/352,583, until such time that the longest lived U.S. patent expires."

9. The Defendant/Respondent, Hayward Baker, Inc., prior to the dissolution of the Nilex Corporation purchased certain assets and assumed certain obligations and liabilities previously held by the Nilex Corporation. Included in the acquisition by the Defendant/Respondent were the rights and obligations set forth in the contract between the Plaintiff/Petitioner and the Defendant/Respondent including making payments to the Plaintiff/Petitioner pursuant to the contract.

2

10. The Defendant/Respondent, Hayward Baker, Inc., has failed and/or refused to comply with its obligations set forth in the contract based upon its position that it is no longer obligated to make payments for work covered under Patent Number 5800,090 because said patent has expired.

## COUNT ONE

### PETITION FOR DECLARATORY JUDGMENT

NOW COMES the Petitioner, R Robert Goughnour, in person and by and through his counsel, David F. Cross, and hereby files this Petition for Declaratory Judgment in accordance with the provisions of Chapter 55, Article 13, Section 1, et. al., of the West Virginia Code requesting that the Court enter a declaratory judgment. In support thereof the Petitioner asserts as follows:

1. The Petitioner, R Robert Goughnour, hereby adopts and incorporates by reference all of the allegations previously set forth in this Complaint as if fully set forth herein.
2. The Petitioner requests that the Court declare that the terms of the Contract between the Petitioner and the Nilex Corporation are binding upon the parties hereto and that pursuant to said contract that the Petitioner is entitled to continuing payments by the Respondent under the terms of said agreement.
3. The Petitioner further states that there is a case in controversy between the parties involving the meaning of the contract referenced aforesaid.

WHEREFORE, the Petitioner requests that the Court enter an Order declaring that the contract entered into between the Petitioner and the Nilex Corporation is legally binding upon the Respondent and that the Respondent is legally obligated under the contract to make payments to the Petitioner; that the Petitioner be awarded his costs in the prosecution of this Petition in accordance with West Virginia Code §55-13-10; that the Petitioner be awarded attorney fees and further relief as the Court may deem appropriate under the circumstances.

## COUNT TWO

### PETITION FOR SPECIFIC PERFORMANCE OF A CONTRACT

Now comes the Petitioner, R Robert Goughnour, and for his cause of action against the Respondent, Hayward Baker, Inc, requests that the Court grant him equitable relief in

3

the form of specific performance of a certain contract entered into between the Petitioner and the Respondent, Hayward Baker, Inc., and states and avers as follows:

1. The Petitioner, R Robert Goughnour, hereby adopts and incorporates by reference all of the allegations previously set forth in this Complaint as if fully set forth herein.
2. The Petitioner states that there exists between the parties a definite and certain contract which may be enforced by the Court.
3. The Petitioner states that all condition precedents to the contract have been met by the Petitioner and the Respondent.
4. The Petitioner states that this Court has equitable authority derived from the Constitution of the State of West Virginia to enter an Order enforcing the agreement and that the enforcement of the agreement between the parties would be equitable.
5. The Petitioner further states that he does not have an adequate remedy at law based upon the fact that the Contract provides for future payments based upon the footage of earthquake drains installed by the Respondent and that said damages are not capable of being certain or calculable.
6. The Petitioner further states that he has come to the Court with clean hands and has in all respects acted appropriately in accordance with the terms of the contract.
7. The Petitioner further states that he only became aware of the fact that the Respondent was not going to honor the plain terms of the contract entered into between the parties until a day in May, 2016, and the doctrine of laches does not prevent the equitable relief requested herein.

WHEREFORE, the Petitioner requests that the Court enforce its equitable powers and enter and Order directing the Defendant, Hayward Baker, Inc., to specifically perform its obligations under the contract entered into between the parties including but not limited to continuing to make payments to the Petitioner based upon both of the patents referenced in said agreement, and for such other and further relief as the Court deems appropriate.

THE PLAINTIFF HEREBY DEMANDS A TRIAL TO THE COURT.

R ROBERTY GOUGHNOUR by:

*David F. Cross*

David F. Cross, Esq.

David F. Cross
Attorney at Law
727 Charles Street
Wellsburg, WV 26070
(304) 737-4185
(WV #5485)

4

## ASSIGNMENT

This Assignment, made effective as of the 17th day of February, 2004, is by and between, R. Robert Goughnour, an individual residing at 705 Duff Road, N.E., Leesburg, VA 20176 ("Assignor"), and Nilex Construction, LLC, a limited liability company of the state of Colorado, having an office and place of business at 15171 East Fremont Drive, Centennial, CO 80112 ("Assignee").

Assignor hereby sells, assigns, transfers and conveys unto Assignee, subject to the limitations set forth hereinafter, the entire right, title and interest, for all countries (except as otherwise indicated herein), in and to certain inventions, and know-how pertaining thereto, relating to ground improvement and described in Letters Patent and Applications for Letters Patent of the United States, Canada and elsewhere as follows:

A.  U.S. Patent No. 6,179,527, issued on January 30, 2001, for APPARATUS FOR INSERTING FLEXIBLE MEMBERS INTO THE EARTH and corresponding Canadian Application No. 2,337,489, filed on February 16, 2001.

B.  U.S. Patent No. 6,142,711, issued on November 7, 2000, for VIBRATOR and corresponding Canadian Application No. 2,337,488, filed on February 16, 2001.

C.  U.S. Patent No. 5,800,090, issued on September 1, 1998, for APPARATUS AND METHOD FOR LIQUEFACTION REMEDIATION OF LIQUEFIABLE SOILS and corresponding Canadian Application No. 2,250,989, filed October 29, 2002 and corresponding

#5,800,090 Exp 4/9/2016
Canadian exp 10/29/2019 [struck through]

4/8/2017

Mexican Patent No. 207,207. The corresponding Japanese Application No. 53640711997, filed on April 08, 1997, is specifically excepted from this Assignment and Assignor retains ownership thereof.

D. U.S. Patent No. 6,312,190, issued November 6, 2001, for METHOD AND APPARATUS FOR IMPROVING EFFECTIVENESS OF VERTICAL PREFABRICATED COMPOSITE EARTH DRAINS and corresponding Canadian Application No. 2,370,736, filed December 27, 1999.

E. U.S. Patent Application No. 10/352,583, filed on January 28, 2003, for METHOD AND APPARATUS FOR ENHANCEMENT OF PREFABRICATED EARTH DRAINS.

*Pat No. 6,846,130 B2 Exp 1/28/2023*
*11½ year maintenance fee due 1/25/2017 $1,560*

F. Possible future U.S. Patent Application and invention pertaining to measuring horizontal permeability of soil for wick drains installed with a wick drain installation rig.

G. Possible future U.S. Patent Application and invention pertaining to depth settlement apparatus installed with a wick drain installation rig.

H. All future inventions pertaining to ground improvement in combination with drainage. Assignor specifically reserves ownership to himself of all future inventions pertaining to ground improvement without drainage, such as improved stone column applications.

*[signature]*

-2-

This Assignment includes not only the assignment of said inventions, but additionally assignment in and to said applications, and all divisions, renewals and continuations thereof, and all Letters Patent of the United States which are or may be granted, thereon, and all reissues and extensions thereof, and all applications for Letters Patent or other grants or protection of proprietary rights including, but not limited to, inventor's certificate, utility model, utility certificate, patent of importation, registration of patent and industrial design registration which may be filed, and which may be granted, upon said inventions in any countries or regions foreign to the United States, and all reissues, renewals and extensions thereof, and Assignor hereby authorizes and requests the Commissioner for Patents of the United States, and all officials of countries or regions foreign to the United States having authority so to do, to issue all such Letters Patent or other grants or protection upon said inventions to the Assignee or to such nominees as it may designate.

Assignor authorizes and empowers said Assignee or nominees to invoke and claim for any application for such Letters Patent or other grants of protection for said inventions filed by it or them, the benefit of the right of priority provided by the International Convention for the Protection of Industrial Property, as amended, or by a convention which may henceforth be substituted for it, and to invoke and claim such right of priority without further written or oral authorization from Assignee.

Assignor hereby consents that a copy of this Assignment shall be deemed a full and formal equivalent of any Assignment, consent to file or like document which may be required in any country or region for any purpose and more particularly in proof of the right of said Assignee or

-3-

nominees to claim the aforesaid benefit of the right of priority provided by the International Convention for the Protection of Industrial Property, as amended, or by any convention which may henceforth be substituted for it.

Assignor hereby covenants that subject to certain rights already conveyed to others as enumerated hereinafter that Assignor has the full right to convey the entire right, title and interest herein assigned. Assignor herein enumerates, and Assignee hereby acknowledges, the preexisting conveyance of certain rights in the inventions listed as follows:

1. A royalty free paid up license to GTA to use equipment conforming to the teachings of U.S. Patent No. 6,179,527 in the Caribbean as long as the ownership of GTA remains with both, and only both, Russell Joiner and Dick Morris. Under this Assignment, GTA is not permitted to manufacture such equipment for resale except in those regions wherein patent protection has not been obtained.

2. Regarding U.S. Patent No. 5,800,090, Russell Joiner has a royalty free, nonexclusive license to practice this patent in the Caribbean and J. Scott Ellington or Ellington-Cross possesses an exclusive license in North and South Carolinas under this patent. Assignor hereby agrees to assign this license to Assignee.

Assignee hereby acknowledges that it has received copies of these agreements and has full and complete knowledge and disclosure of these licenses and rights and accepts this Assignment subject to these outstanding licences and rights.

In consideration for this Assignment, Assignee agrees to pay to Assignor a lump sum fee of $150,000.00, one third thereof payable at the time of signing this Assignment and the remaining two payments being due at the second and third anniversary dates of this Assignment, and as further consideration Assignee agrees to pay Assignor an additional payment of $.10 per foot for all earthquake drains installed by Assignee or its licensees or subcontractors in accordance with the teachings of U.S. Patent No. 5,800,090 or U.S. Patent Application No. 10/352,583, until such time that the longest lived U.S. patent expires.   6,846,130

Assignor hereby covenants and agrees that he will, without expense to him, communicate to said Assignee or nominees all facts known to him pertaining to said inventions, testify in all legal proceedings, sign all lawful papers, execute all divisional, continuing and reissue applications, make all rightful oaths and declarations and in general perform all lawful acts necessary or proper to aid said Assignee or nominees in obtaining, maintaining and enforcing all lawful patents or other grants of protection of said inventions in any and all countries and regions.

-5-

Assignor

Commonwealth of Virginia. City/Co. of
Loudoun
Acknowledged and
sworn before me this 2 day of March, 2004
R. Goughnour
Notary Public  My Comm. Exps. Oct 31, 04

Joan M Robey

By: R. Robert Goughnour

Assignee: Nilex Construction, LLC

By:
James Cramer, President

-6-