IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

R. ROBERT GOUGHNOUR,
an individual,

    Plaintiff,

v.                                 Civil Action No. 5:16CV191
                                              (STAMP)
HAYWARD BAKER, INC.,
a corporation,

    Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING PLAINTIFF'S MOTION TO REMAND

This is a declaratory judgment and breach of contract case involving a licensing agreement for the rights to practice a patent and a pending patent application. The defendant removed the case to this Court, citing diversity jurisdiction under 28 U.S.C. § 1332(a). The plaintiff filed a motion to remand, arguing that the amount in controversy does not exceed $75,000 exclusive of interest and costs as required by § 1332(a). For the following reasons, the plaintiff's motion is denied.

### I. Background

The plaintiff, Robert Goughnour ("Goughnour"), holds the rights to United States Patent Number 5,800,090 ("the '090 patent") and United States Patent Application Number 10/352,583 ("the Application"). The art of both patents covers an earthquake drain system used in the construction of structural foundations. Goughnour entered into a licensing agreement with Nilex

Construction, LLC ("Nilex"), permitting Nilex to practice the patents in exchange for $150,000 and $0.10 per foot of earthquake drains installed by Nilex that practice the patents. The defendant, Hayward Baker, Inc. ("Hayward Baker"), purchased some of Nilex's assets and liabilities, including an assignment of the licensing agreement to Hayward Baker. Hayward Baker continued to pay Goughnour under the licensing agreement through April 2016. Goughnour alleges that Hayward Baker has since refused to make payments under the licensing agreement. Hayward Baker argues that it is no longer obligated to make payments under the agreement because, it asserts, the '090 patent has expired. Goughnour seeks a declaration that the licensing agreement requires Hayward Baker to make payments for the practice of the '090 patent through January 2023 and an order requiring specific performance.

Goughnour originally filed this civil action in the Circuit Court of Brooke County, West Virginia. Hayward Baker removed the case to this Court, citing diversity jurisdiction. In the notice of removal, Hayward Baker alleges that Goughnour is a resident of Wellsburg, West Virginia, and that Hayward Baker is a Delaware corporation with its principal place of business in Hanover, Maryland. Hayward Baker alleges that the amount in controversy exceeds $75,000 because it has paid Goughnour over $500,000 since 2014 under the licensing agreement, and would pay at least that much more through the life of the licensing agreement.

## II. Applicable Law

A defendant may remove a case from state court to a federal court with original jurisdiction. 28 U.S.C. § 1441. Under 28 U.S.C. § 1332(a), district courts have original jurisdiction where the dispute is between citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs. The parties must be completely diverse, meaning that "the citizenship of each plaintiff must be different from the citizenship of each defendant." Hoschar v. Appalachian Power Co., 739 F.3d 163, 170 (4th Cir. 2014). Diversity is "assessed at the time the action is filed." Freeport-McMoRan, Inc. v. K N Energy, Inc., 498 U.S. 426, 428 (1991).

The party seeking removal bears the burden of establishing federal jurisdiction. See In re Blackwater Security Consulting, LLC, 460 F.3d 576, 583 (4th Cir. 2006). When removal is challenged, the defendant must establish jurisdiction by a preponderance of the evidence. Strawn v. AT&T Mobility LLC, 530 F.3d 293, 297-98 (4th Cir. 2008). Further, this Court must strictly construe its removal jurisdiction and remand if federal jurisdiction is doubtful. Hartley v. CSX Transp., Inc., 187 F.3d 422, 425 (4th Cir. 1999).

## III. Discussion

Goughnour does not dispute that the parties are diverse. Rather, he argues that Hayward Baker fails to show that the amount

in controversy exceeds $75,000 exclusive of interest and costs. He argues that the amount of damages involved is speculative at this time because there is no indication of how many earthquake drains Hayward Baker may install in the future. Hayward Baker argues that if Goughnour prevails it will be obligated to pay him more than $75,000 per year until January 2023 based upon its expected continued operations and upon payments made from 2014 through April 2016.

In a declaratory judgment action regarding the applicability of a contract term, the amount in controversy is the value of the contractual obligation at issue. See Mut. Life Ins. Co. of N.Y. v. Moyle, 116 F.2d 434, 436 (4th Cir. 1940); Panhandle Farmers Mut. Ins. Co., Inc. v. Ridge Crest Props., LLC, No. 5:13CV6, 2013 WL 4039948, *3 (N.D. W. Va. Aug. 7, 2013); Darbet, Inc. v. Bituminous Cas. Corp., 792 F. Supp. 487, 489 (S.D. W. Va. 1992). Here, the dispute is over whether Hayward Baker is obligated to pay Goughnour for the practice of the '090 patent through the term of the licensing agreement. The value of that obligation is the sum of the payments Hayward Baker would make through the life of the licensing agreement.

Hayward Baker points out that in 2014 it paid Goughnour a total of $224,747 under the agreement. ECF No. 1-1 at 1. In 2015, it paid him a total of $258,477 under the agreement. Id. And in the first four months of 2016, it paid him $101,593. Id. If

4

Hayward Baker maintains its current practice of the '090 patent and the Application through the term of the licensing agreement, it would expect to owe Goughnour at least $200,000 per year—much more than $75,000.  Further, if Hayward Baker reduced its earthquake drain installation operations to only five percent of past operations, from May 2016 through January 2023, it would still expect to owe Goughnour $84,589.60.  See ECF No. 5 at 5 n.1.

Even if the value of the case is limited to Hayward Baker's defaulted payments from May 2016 through the filing of the complaint, December 2, 2016, those payments would likely exceed $75,000 exclusive of interest and costs.  Hayward Baker asserts that it paid Goughnour over $200,000 in 2014 and 2015 each, and paid him $101,593 in the first four months of 2016 alone.  ECF No. 1-1 at 1.  Thus, based on Hayward Baker's payment history, this Court finds that those defaulted payments would more than likely exceed $75,000 exclusive of interest and costs.  Accordingly, this Court finds that § 1332(a)'s amount in controversy requirement is met.

## IV. Conclusion

This Court finds subject matter jurisdiction under 28 U.S.C. § 1332(a).  Accordingly, Goughnour's motion to remand (ECF No. 4) is DENIED.  Further, Goughnour's motion included a request for attorneys fees accrued in relation to the motion to remand, which is also DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:     February 6, 2017

                                        /s/ Frederick P. Stamp, Jr.
                                        FREDERICK P. STAMP, JR.
                                        UNITED STATES DISTRICT JUDGE