IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

R. ROBERT GOUGHNOUR,
an individual,

    Plaintiff,

v.                                        Civil Action No. 5:16CV191
                                                      (STAMP)
HAYWARD BAKER, INC.,
a corporation,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY,**
**DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**
**IN REGARD TO LIABILITY AND**
**GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

I.    Background

This civil action arises out of an alleged breach of a licensing agreement for the rights to practice United States Patent No. 5,800,090 ("the '090 patent") and United States Patent Application No. 10/352,583 ("the Application"). The plaintiff, Dr. R. Robert Goughnour ("Goughnour"), held the '090 patent and the Application as the assignor. The plaintiff entered into a licensing agreement referred to as the "assignment" with Nilex Construction, LLC ("Nilex") as the assignee. The defendant, Hayward Baker, Inc. ("Hayward Baker"), purchased some of Nilex's assets and obligations, including its rights under the licensing agreement assignment. Goughnour alleges that, beginning in April 2016, Hayward Baker has refused to comply with the terms of the licensing agreement. Plaintiff's complaint includes as Count One a petition for declaratory judgment and as Count Two a petition for

specific performance of the contract. Accordingly, Goughnour seeks a declaration that Hayward Baker is bound by the licensing agreement and an order requiring specific performance of the agreement.

Goughnour originally filed this civil action in the Circuit Court of Brooke County, West Virginia. Hayward Baker removed the case to this Court, citing diversity jurisdiction (ECF No. 1). Plaintiff filed a motion to remand (ECF No. 4). This Court entered an order (ECF No. 8) denying plaintiff's motion to remand. The parties filed a stipulation agreeing to waive their right to a jury trial and requesting a bench trial (ECF No. 17). This Court entered an order approving the joint stipulation (ECF No. 18).

Plaintiff Goughnour then filed a motion for summary judgment in regard to liability (ECF No. 21) and a memorandum brief in support (ECF No. 22). Defendant Hayward Baker filed objections (ECF No. 27) to "plaintiff's undisputed material facts" and also filed a response (ECF No. 28) in opposition to plaintiff's motion for summary judgment in regard to liability. Plaintiff then filed a reply (ECF No. 32) to defendant's response.

Defendant Hayward Baker then filed a motion for summary judgment (ECF No. 33) and a memorandum in support of the motion. Plaintiff filed a response in opposition (ECF No. 34) and defendant filed a reply (ECF No. 36). Plaintiff Goughnour then filed a motion for leave to file a surreply (ECF No. 37) and a surreply (ECF No. 38). Defendant Hayward Baker filed a response in

opposition (ECF No. 40) and a surrebuttal (ECF No. 41) to plaintiff's motion for leave to file a surreply.

This Court finds that the motions have been fully briefed and that the pending motions for summary judgment are ripe for decision.

## II. Applicable Law

Under Federal Rule of Civil Procedure 56, this Court must grant a party's motion for summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it might affect the outcome of the case. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). A dispute of material fact is "genuine" if the evidence "is such that a reasonable jury could return a verdict for the non-moving party." Id. If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," summary judgment must be granted against the plaintiff. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. See Celotex, 477 U.S. at 322-23. "The burden then shifts to the

nonmoving party to come forward with facts sufficient to create a triable issue of fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991), cert. denied, 502 U.S. 1095 (1992). However, "a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).

III. Discussion

The parties have now filed cross motions for summary judgment, which have been fully briefed and are discussed in turn below. For the following reasons, the plaintiff's motion for summary judgment as to liability (ECF No. 21) is denied, and the defendant's motion for summary judgment (ECF No. 33) is granted.

Plaintiff Goughnour filed a motion for summary judgment in regard to liability (ECF No. 21) and a memorandum brief in support (ECF No. 22). In support thereof, the plaintiff represents that the complaint filed by the plaintiff contains two counts. Count One of the plaintiff's complaint "contains a petition for declaratory judgment wherein the Plaintiff requests that the Court declare that the terms of the contract between the Plaintiff and the Nilex Corporation are binding upon the Plaintiff and the Defendant, Hayward Baker, Inc., and that the Defendant, Hayward Baker, Inc., is legally obligated under the above referenced contract to make payments to the Plaintiff." ECF No. 21 at 1.

Count Two of the plaintiff's complaint "contains a cause of action which is a petition for specific performance of the same contract described in Count One of the Complaint which contract was assigned to the Defendant, Hayward Baker, Inc." ECF No. 21 at 1-2. Plaintiff posits a list of "undisputed material facts" and asserts that "there are no genuine issues as to any material facts concerning the plaintiff's causes of action set forth in Count One and Count Two of the Plaintiff's Complaint," and that he is "entitled to judgment as a matter of law in regard to liability involving Counts One and Two of the Complaint." ECF No. 2 at 2-5.

Defendant Hayward Baker filed objections (ECF No. 27) to "plaintiff's undisputed material facts" contained within the motion for summary judgment as to liability and also filed a response (ECF No. 28) in opposition to plaintiff's motion. Defendant asserts, "[w]ithin its Motion for Summary Judgment in Regard to Liability, Plaintiff R. Robert Goughnour sets forth thirteen (13) material facts which he believes are undisputed." Hayward Baker "disagrees with Goughnour's assertions and believes several of undisputed material facts put forth by Goughnour are disputed and/or contrary to the evidence produced to date." ECF No. 27 at 1. In its response, defendant asserts Goughnour is not entitled to summary judgment as patent holders cannot charge royalties for the use of their invention after the patent term has expired and that the relevant clause of the agreement is ambiguous and the intent of the parties should therefore dictate its interpretation. ECF No. 28 at

5

9, 13. Defendant further argues the intent of the parties confirms that the assignee was only required to pay the $0.10 royalty for each foot installed until the patent expires and that the plaintiff has failed to establish there are no genuine issues of material fact in favor of his allegations in this matter and that he is entitled to summary judgment as a matter of law. ECF No. 28 at 15, 20.

Plaintiff filed a reply (ECF No. 32) to defendant's response and asserts, "the contract entered into between the Plaintiff and Defendant is plain and unambiguous and is not subject to judicial construction or interpretation but must be strictly applied as a matter of law." Plaintiff asserts "that the contract is not ambiguous and the Defendant has raised no issues of fact and the question of whether a contract is ambiguous is a question of law." ECF No. 32 at 5-6.

Defendant Hayward Baker then filed its motion for summary judgment (ECF No. 33) pursuant to Rule 56 of the Federal Rules of Civil Procedure, and requests this Court enter summary judgment in its favor on all counts and claims brought forth by R. Robert Goughnour as he cannot show there is a genuine issue of material fact to be tried with respect to said counts and claims. First, defendant argues that review of the agreement in question along with the long-standing law regarding the enforceability of contractual provisions requiring payment of royalty and/or licensing fees after the expiration of the patent shows that any

provision within the agreement requiring payment of royalty and/or licensing fees after expiration of the patents in question is unenforceable under the law. ECF No. 33 at 3-4. In support of this argument, defendant asserts "Goughnour is seeking the court-ordered extension of his receipt of royalty and/or licensing fees from the use of U.S. Patent No. 5,800,090 beyond the actual life of the patent" and that "[t]o interpret and enforce the Agreement as argued by Goughnour would violate long-settled law regarding the validity of provisions within agreements requiring the payment of royalty and/or licensing fees after the expiration of a patent." ECF No. 33 at 6, 7. Second, defendant argues, "the Supreme Court of the United States has held that when a patent expires, the patentee's prerogatives expire too, and the right to make or use the article, free from all restriction, passes to the public." ECF No. 33 at 6. Hayward Baker contends that plaintiff "is seeking to use contractual language within the Agreement to extend the life of his patent — and therefore extend the life of his receipt of royalty and/or licensing fees — beyond the time allowed under the law." ECF No. 33 at 8. Defendant concludes by citing to <u>Brulotte v. Thys Co.</u>, 379 U.S. 29, 85 S. Ct. 176, 13 L.E.2d 99 (1964), and asserts that "because U.S. Patent No. 5,800,090 has expired and is part of the public domain and because the Agreement requiring payment of royalty and/or licensing fees past the expiration of the patent is unenforceable pursuant to the holding of <u>Brulotte</u>, the contractual clause within the Agreement

7

between Goughnour and Nilex dated February 17, 2004 requiring payment or royalties and/or licensing fees past the patent's expiration date is contrary to public policy and therefore void and unenforceable against Hayward Baker." ECF No. 33 at 10. Hayward Baker points out that "[a]ll payments made by Nilex and/or Hayward Baker to Goughnour were for use of the process outlined in U.S. Patent No. 5,800,090. Defendant asserts that the process outlined in U.S. Patent Application No. 10/352,583 has never been used by Nilex and/or Hayward Baker. ECF No. 33 at 3, n.2. Hayward Baker asserts that because the clause is not enforceable under the law, there is no genuine issue of material fact as to Goughnour's claims and, as a result, the granting of Hayward Baker's motion for summary judgment is warranted.

Plaintiff filed a response (ECF No. 35) and makes four primary arguments. First, plaintiff asserts that "the payment provision as set forth in the Assignment is not a royalty as defined by federal law." Plaintiff argues that "the payments made to Petitioner were made as consideration for the assignment of Petitioner's multiple patent applications and patents to Respondent rather than for the use of the patents themselves." ECF No. 35 at 5. Second, plaintiff argues that "the case law cited by Petitioner provides an exception to the prohibition against extending payment for a patent after the same expires." Plaintiff argues that even if the payment provision is considered a royalty, the provision within the Assignment is valid under Kimble v. Marvel Entertainment, LLC, 135

S. Ct. 2401, 192 L.E.2d 463 (2015). Third, plaintiff asserts that "in the alternative, this federal case law does not apply to the matter at hand as the subject causes of action center around West Virginia substantive law." Plaintiff asserts an alternative argument that federal substantive law does not apply to the matter at hand as this case centers on declaratory judgment and specific performance, both of which are state law causes of action. ECF No. 35 at 9. And lastly, plaintiff argues that "the terms of the contract are clear and unambiguous and thus preclude Respondent from succeeding in its Motion for Summary Judgment." ECF No. 35 at 5.

Defendant, in its reply (ECF No. 36), seeks to refute plaintiff's argument that the payment in question is not a royalty, plaintiff's argument that the instant matter fits within an exception noted in Kimble, and plaintiff's argument that substantive federal law should not be applied in the instant matter. Defendant argues first, that the payment in question clearly qualifies as a royalty payment and/or licensing fee. Second, defendant asserts that the exception noted within Kimble is not applicable to the instant matter as all relevant patents associated with the process being used by Hayward Baker, just like those in Brulotte and Kimble, have expired. Finally, defendant argues that the federal law regarding patents must be applied to the instant case as it is directly relevant to the matter at hand and the cases cited to by Goughnour do not support ignoring the

opinions in Kimble and Brulotte.  Defendant concludes by stating, "Goughnour's claims fail as a matter of law, and summary judgment in favor of Hayward Baker is warranted."  ECF No. 36 at 8.

Plaintiff then filed a motion for leave to file a surreply (ECF No. 37) with a brief in support thereof (ECF No. 38). Plaintiff contends that in the reply, defendant "asserts new factual and legal arguments regarding the exception forth by Plaintiff/Petitioner under federal case law, Kimble v. Marvel Entertainment, LLC, 135 S. Ct. 2401, 192 L.E.2d 463 (2015), that is applicable to the case at hand."  ECF No. 37.  Plaintiff argues that he will be without recourse to address these arguments unless this Court grants him leave to file a surreply.

In the surreply, plaintiff argues that "the exception set forth in Kimble applies to the instant matter as the subject Assignment between the parties extends the payment period by covering multiple patents and nonpatent rights."  ECF No. 38 at 3. Plaintiff asserts that "the best reading of Brulotte/Kimble is that the post-expiration royalty problem does not arise until the moment that a license agreement no longer contains any unexpired patents" and because the assignment covers patents that have not yet expired, and defendant acknowledges that the possible use of these patents formed its interest in acquiring said package of patents within the assignment, this Court must rule in accordance with the exception as set forth herein above that payments must continue to be paid to plaintiff/petitioner until the expiration of the longest

living patent. ECF No. 38 at 4-5. Plaintiff concludes by arguing that "[n]otwithstanding the argument set forth hereinabove, Federal Law is inapplicable to the matter at hand in accordance with the Erie doctrine." ECF No. 38 at 6. Plaintiff asks that this Court (1) find that the payment made to plaintiff/petitioner under the assignment is consideration for the same rather than a royalty payment; (2) apply state substantive law as required by the United States Supreme Court in the Erie decision; and (3) in the alternative, should this Court find that federal law is applicable to the matter at hand, apply the exception as set forth in Brulotte and Kimble that allows payments to be made to plaintiff until the expiration of the longest living patent in the assignment between the parties.

Defendant filed a response in opposition (ECF No. 40) to plaintiff's motion for leave to file a surreply and also attached a surrebuttal memorandum in support (ECF No. 41). Hayward Baker disagrees with Goughnour's position and asserts that no new factual or legal arguments were raised by Hayward Baker within its reply. Defendant asserts that "[g]iven that Hayward Baker was the party who filed the motion for summary judgment, it should be the party entitled to the last word regarding the motion." ECF No. 40 at 3. In its surrebuttal, Hayward Baker opposes the arguments set forth in the plaintiff's surreply and contends that the exceptions cited in Kimble are not applicable to the case at hand and that there is

no justification for the argument that federal law is inapplicable to the case at hand.

IV. Analysis

Following its analysis of the fully briefed motions, and the memoranda and exhibits submitted by the parties, this Court finds that, for the reasons set forth below, summary judgment in favor of the defendant is appropriate, there is no genuine dispute as to any material fact, and the defendant is entitled to judgment as a matter of law. The plaintiff's motion for leave to file a surreply (ECF No. 37) is granted, the plaintiff's motion for summary judgment as to liability (ECF No. 21) is denied, and defendant's motion for summary judgment (ECF No. 33) is granted.

As an initial matter, federal patent law is applicable to the case at hand. This is a dispute regarding the payment provision of an assignment which falls within the purview of patent law analysis.[1] Further, this Court finds the operable language in the contract, referred to as the "payment provision" of the "assignment," to be ambiguous. Under West Virginia law, contract language is considered ambiguous where an agreement's terms are inconsistent on their face or where the phraseology can support reasonable differences of opinion as to the meaning of words employed and obligations undertaken. Lee v. Lee, 228 W. Va. 483, 721 S.E.2d 53 (2011). The common-law rule of contract

---

[1] Brulotte v. Thys Co., 379 U.S. 29, 85 S. Ct. 176 (1964) arrived at the Supreme Court by way of a state law contract suit.

interpretation is that a court should construe ambiguous language against the interest of the party that drafted it. Mastrobuono v. Shearson Lehman Hutton, Inc., 514 U.S. 52, 62 (1995). The reason for this rule is to protect the party who did not choose the language from an unintended or unfair result. Id. Under West Virginia law, "in case of doubt, the construction of a written instrument is to be taken strongly against the party preparing it." Lee, 721 S.E.2d 53, 57 (2011) (citing Henson v. Lamb, 120 W. Va. 552, 558, 199 S.E. 459, 461-62 (1938)). Here, the party that drafted the language at issue is the plaintiff, as the assignment agreement between the parties was drafted by plaintiff Goughnour's former attorney. ECF Nos. 28 at 3, 28-3 at 2. The operable, pertinent, language of the assignment, referred to throughout the briefing as the "payment provision" reads as follows:

> In consideration for this Assignment, Assignee agrees to pay to Assignor a lump sum fee of $150,000.00, one third thereof payable at the time of signing this Assignment and the remaining two payments being due at the second and third anniversary dates of this Assignment, and as further consideration Assignee agrees to pay to Assignor an additional payment of $.10 per foot for all earthquake drains installed by Assignee or its licensees or subcontractors in accordance with the teachings of U.S. Patent No. 5,800,090 or U.S. Patent Application No. 10/352,583, until such time that the longest lived U.S. patent expires.

ECF No. 1-3 at 5.

This Court finds that the ambiguous contract language must be construed against the plaintiff, and that the contract provision at issue provides for a royalty payment, not a continuing consideration. As such, considering that the patent at issue

13

expired on April 9, 2016 (ECF No. 21 at 4), this Court finds that plaintiff's argument is an attempt to exact royalty payments after the patent has expired. This argument fails as a matter of law. Brulotte, 379 U.S. 29, 32 (1964).

Further, this Court notes that even if the language were to be construed as unambiguous, the result would not change. The "categorical principle that all patent-related benefits must end when the patent term expires" still applies. Kimble, 135 S. Ct. 2401, 2405 (2015). This Court finds that to interpret and enforce the agreement as argued by the plaintiff would violate long-settled law regarding the payment of royalty and/or licensing fees after the expiration of a patent. See Brulotte, 379 U.S. 29 (1964); see also Kimble, 135 S. Ct. 2401 (2015).

Plaintiff cites Kimble, and argues that even though U.S. Patent No. 5,800,090 has expired, he is still entitled to payments under the agreement because U.S. Patent Application No. 10/352,190 has not yet expired and is included within the licensing agreement. Plaintiff cites specifically an "exception" in Kimble, asserting that "[u]nder Brulotte, royalties may run until the latest-running patent covered in the parties' agreement expires." Kimble 135 S. Ct. 2401, 2408 (2015) (citing Brulotte 379 U.S. at 30, 85 S. Ct. 176).

This Court has considered the plaintiff's argument, and finds that it is misplaced. The case law and facts in this case do not support plaintiff's argument and proposed result.

First, this Court finds that Brulotte was affirmed in its entirety by Kimble and cited by the Court in Kimble as the basis for the proposition "royalties may run until the latest running patent covered in the parties' agreement expires." This Court finds that the plaintiff's suggested reading of Kimble does not comport with the holding of Brulotte. Kimble held that a patent holder cannot charge royalties for the use of his invention after its patent term expired. Id. To extend the payment of royalties beyond the expiration date of the patent would be inconsistent with the Supreme Court's decision in Brulotte which held "that a patentee's use of a royalty agreement that projects beyond the expiration date of the patent is unlawful per se." Brulotte, 379 U.S. 29, 32 (1964). The plaintiff's argument contravenes well-settled law that "a projection of the patent monopoly after the patent expires is not enforceable." Id. at 32.

Second, this Court finds that the plaintiff's argument is based upon judicial dictum in the Kimble opinion, as it was not essential to the Court's decision. The Court's discussion of "ways around Brulotte" went beyond the analysis necessary to decide the issue before the Court and was not essential to the disposition. Kimble, 135 S. Ct. at 2408. As dictum, this language is part of the Kimble opinion that this Court, even if it is an inferior court, is free to reject. United States v. Crawley, 837 F.2d 291 (7th Cir. 1988). Finding many reasons for staying the stare decisis course and no "special justification" for departing from

15

it, the Supreme Court "declined Kimble's invitation" to overrule Brulotte. Kimble at 2404. The Court in Kimble asserted "nothing about Brulotte has proved unworkable" in that "[t]he decision is simplicity itself to apply." Id. at 2411. A court need only ask whether a licensing agreement provides royalties for post-expiration use of a patent. "If not, no problem; if so, no dice." Id.

Third, this Court finds that the case at hand is factually distinguishable from both Brulotte and Kimble. In Brulotte, an inventor licensed his patented hop-picking machine to farmers in exchange for royalties from hop crops harvested both before and after his patents' expiration dates. The Court held the agreement unenforceable — "unlawful per se" — to the extent it provided for the payment of royalties "accru[ing] after the last of the patents incorporated into the machines had expired." Id. at 30. In Brulotte, the licenses issued to petitioners listed 12 patents relating to hop-picking machines, but only seven were incorporated into the machines sold to and licensed for use by petitioners. Id. at 29. Of those seven[2] all expired on or before 1957, but the licenses issued by respondent to the petitioners continued for terms beyond that date. Id. The Court concluded that "the judgment below must be reversed insofar as it allows royalties to

---

[2]The Court noted that "[a]ll but one of the 12 expired prior to the expiration of the license agreements. The exception was a patent whose mechanism was not incorporated in the machines." Brulotte v. Thys Co., 379 U.S. 29, 30 n.2 (1964).

16

be collected which accrued after the last of the patents incorporated into the machines had expired." Id. The Court ultimately held that a patent holder cannot charge royalties for the use of his invention after its patent term has expired.

In Kimble, "the sole question presented [] is whether [the Court] should overrule Brulotte." Kimble, 135 S. Ct. at 2405. Kimble dealt with a single patent obtained on a toy, relating to the comic-book character Spider-Man, known as a "Web Blaster." Id. The petitioner in Kimble entered into an agreement with Marvel Entertainment, and their agreement provided "that Marvel would purchase Kimble's patent in exchange for a lump sum (of about a half-million dollars) and a 3% royalty on Marvel's future sales of the Web Blaster and similar products" and the agreement "set no end date for royalties". Id. The Kimble Court stated "[p]atents endow their holders with certain superpowers, but only for a limited time." Id. at 2406. Kimble made clear that "when the patent expires, the patentee's prerogatives expire too, and the right to make or use the article, free from all restriction, passes to the public" and declared that the Court "has carefully guarded that cut-off date". Id. at 2407. In doing so, the Kimble Court re-examined Brulotte, and affirmed Brulotte in its entirety.

Here, however, there exist several issues which are not addressed by Kimble or Brulotte. In this case, defendant Hayward Baker acquired patents and other rights from the plaintiff through language in an assignment which this Court has already found to be

17

ambiguous.  <u>Kimble</u> involved a license agreement for a single patent and <u>Brulotte</u> involved a license agreement covering 12 patents, of which seven were actually used.  Here, the assignment at issue (ECF No. 1-3 at 8-13) covers a number of various patents with different filing dates, as well as patent applications, possible future applications, and possible future inventions.  <u>Id.</u>  This case is readily distinguished from <u>Kimble</u> and <u>Brulotte</u> in that here, the Court is not dealing with a single patent, or with the sale of a piece of machinery which incorporated a number of patents, but rather, an assignment which deals, in part, with one expired, utilized patent, and one living, unutilized[3] patent application.[4]  The issues of use and relatedness[5] between patents and patent applications are not expressly discussed by the Court in <u>Kimble</u>.  Further, this Court has already found the "payment provision" in the assignment to be ambiguous.  These issues, as described above,

---

[3]Defendant Hayward Baker attached to its reply (ECF No. 36) to plaintiff's response to its motion for summary judgment the affidavit of James Cramer, former President of Nilex Construction, LLC and current Vice President of Hayward Baker.  In paragraph 11, James Cramer declares "[n]either Nilex nor Hayward Baker ever used the process outlined in U.S. Patent Application No. 10/352,583 and, as a result, royalties and/or licensing fees were never paid to Goughnour for the use of said patented process."  ECF No. 36-3 at 2.

[4]The Court notes that U.S. Patent Application No. 10/352,583, as listed, was a patent application at the time of the assignment in 2004, not a published patent.

[5]U.S. Patent No. 5,800,090 was issued on September 1, 1998, for "Apparatus and Method for Liquefaction Remediation of Liquefiable Soils."  ECF No. 1-3 at 8.  U.S. Patent Application No. 10/352,583 was filed on January 28, 2003 for "Method and Apparatus for Enhancement of Prefabricated Earth Drains."  ECF No. 1-3 at 9.

do not fall squarely within the purview of Kimble, and do not support plaintiff's argument.

For these reasons, this Court cannot reasonably read Kimble, as argued by the plaintiff, to allow Goughnour to continue to collect royalty payments from Hayward Baker on an expired patent. As the Court in Kimble noted, "[o]verturning Brulotte would thus upset expectations, most so when long-dormant licenses for long-expired patents spring back to life." Kimble, 135 S. Ct. at 2410. This Court agrees, and will not permit plaintiff to revive an expired patent.

## V. Conclusion

For the reasons stated above, this Court finds that summary judgment in favor of the defendant is appropriate, as plaintiff is seeking to use ambiguous contractual language within the agreement to extend the life of his patent – and therefore extend the life of his receipt of royalty and/or licensing fees – beyond the time allowed under the law. This Court finds that there is no genuine dispute as to any material fact and that the defendant is entitled to judgment as a matter of law.

The plaintiff's motion for leave to file a surreply (ECF No. 37) is GRANTED. For the reasons stated above, the plaintiff's motion for summary judgment as to liability (ECF No. 21) is DENIED, and defendant's motion for summary judgment (ECF No. 33) is GRANTED.

It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: January 2, 2018

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE